# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0082V
UNPUBLISHED

| | |
|---|---|
| AUDREY SMITH, personal representative of the ESTATE OF LARRY SMITH,<br><br>             Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>             Respondent. | Chief Special Master Corcoran<br><br>Filed: May 15, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 27, 2022, Audrey Smith, on behalf of her deceased husband Larry Smith ("Mr. Smith"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Mr. Smith developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on October 18, 2019, and that his death on February 18, 2020, was vaccine-related. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 26, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On May 15, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $475,000.00 consisting of

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$250,000.00 for the statutory benefit for a vaccine-related death, and $225,000.00 for past pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $475,000.00 (consisting of $250,000.00 for the statutory benefit for a vaccine-related death, and $225,000.00 for past pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AUDREY SMITH,** personal representative of the estate of **LARRY SMITH,**

Petitioner,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

No. 22-82V
**Chief Special Master Corcoran**

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 27, 2022, Audrey Smith, as personal representative of the Estate of Larry Smith,[1] filed a petition stating that Larry Smith developed Guillain-Barré syndrome ("GBS"), a Vaccine Table Injury, within the Table time frame following administration of a flu vaccine on October 18, 2019. Petitioner also alleged that Larry Smith's death is a sequelae of his GBS.

On January 25, 2023, respondent filed a Rule 4(c) Report, conceding that petitioner's claim meets the Table criteria for a SIRVA injury, and that his death is vaccine related. On January 26, 2023, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation under the Vaccine Act.

---

[1] Petitioner filed documentation on April 6, 2023, establishing that on August 20, 2020, she was appointed personal representative of Larry Smith's Estate under the laws of the State of Minnesota. *See* Exhibit 13. All references to petitioner herein refer solely to Audrey Smith in her representative capacity as the personal representative of the Estate of Larry Smith.

I.  **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following, and requests that the Chief Special Master's decision and the Court's judgment award:

    a. a lump sum payment of **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death, and

    b. a lump sum payment of **$225,000.00**, which represents compensation for past pain and suffering.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(2) and (a)(4).[2]  Petitioner agrees.

II. **Form of the Award**

Respondent recommends that petitioner be awarded a lump sum payment of **$475,000.00**, in the form of a check payable to petitioner, Audrey Smith, as personal representative of the Estate of Larry Smith.[3]  Petitioner agrees.

                                Respectfully submitted,

                                BRIAN M. BOYNTON
                                Principal Deputy Assistant Attorney General

                                C. SALVATORE D'ALESSIO
                                Director
                                Torts Branch, Civil Division

                                HEATHER L. PEARLMAN
                                Deputy Director
                                Torts Branch, Civil Division

---

[2] This Proffer does not include attorneys' fees and costs, which the parties intend to address after a Damages Decision is issued.

[3] If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of the Estate of Larry Smith at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the Estate of Larry Smith upon submission of written documentation of such appointment to the Secretary.

3

                                                DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-4181

Dated: May 15, 2023